1  PAUL L. REIN, Esq. (SBN 43053)
2  CELIA MCGUINNESS, Esq. (SBN 159420)
   CATHERINE M. CABALO (SBN 248198)
3  LAW OFFICES OF PAUL L. REIN
   200 Lakeside Drive, Suite A
4  Oakland, CA 94612
   Telephone: 510/832-5001
5  Facsimile: 510/832-4787
   reinlawoffice@aol.com

6  Attorneys for Plaintiff
   WALTER DELSON
7

FILED
MAR 16 2011
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

8                UNITED STATES DISTRICT COURT
9              NORTHERN DISTRICT OF CALIFORNIA

ADR

10

C11-01280 MEJ

11  WALTER DELSON,                CASE NO.
                                  Civil Rights
12      Plaintiff,
                                  COMPLAINT FOR PRELIMINARY AND
13                                PERMANENT INJUNCTIVE RELIEF AND
    v.                            DAMAGES: DENIAL OF CIVIL RIGHTS
14                                AND ACCESS TO PUBLIC FACILITIES TO
                                  PHYSICALLY DISABLED PERSONS, PER
15                                FEDERAL AND CALIFORNIA STATUTES
                                  (including CIVIL CODE §§ 51, 52, 54, 54.1,
16  WARSZAWA BUILDING             54.3, and § 55; and HEALTH & SAFETY
    PARTNERSHIP; CAFE             CODE §§ 19953 et seq.); INJUNCTIVE
17  GRATITUDE, LLC; and DOES      RELIEF PER TITLE III, AMERICANS
    1-10, Inclusive,              WITH DISABILITIES ACT OF 1990
18                                (including 42 USC §§ 12181 et seq.)
        Defendants.
19  _____/     DEMAND FOR JURY TRIAL
20

21      Plaintiff WALTER DELSON complains of defendants

22  WARSZAWA BUILDING PARTNERSHIP; CAFÉ GRATITUDE, LLC; and

23  DOES 1-10, Inclusive, and each of them, and alleges as follows:

24      1.  **INTRODUCTION:**  This case involves the denial of accessible

25  public facilities, including interior paths of travel, public restrooms, patio dining

26  areas, and related facilities, to plaintiff and other disabled persons at the Café

27  Gratitude Restaurant, located at 1730 Shattuck Ave., Berkeley, California.

28  Plaintiff Walter Delson is a "person with a disability" or "physically handicapped

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES       -1-       S:\CASES\C\CAFE GRATITUDE\CAFE GRATITUDE.CMP.wpd

1   person" due to paraplegia. Plaintiff requires the use of a wheelchair for mobility
2   and is unable to use portions of public facilities which are not accessible to
3   disabled persons, including those who require the use of a wheelchair. Plaintiff
4   was denied his rights to full and equal access at these facilities, and was denied
5   his civil rights under both California law and federal law, because these facilities
6   were not, and are not now, properly accessible to physically disabled persons,
7   including those who use wheelchairs. Plaintiff seeks injunctive relief to require
8   defendants to make these facilities accessible to disabled persons and to ensure
9   that any disabled person who attempts to use the Café Gratitude Restaurant
10  (hereinafter sometimes "Café Gratitude" or "Restaurant"), will be provided
11  accessible facilities. Plaintiff also seeks recovery of damages for his physical,
12  mental and emotional injuries, and his discriminatory experiences and denial of
13  access and of civil rights, which denial is continuing as a result of defendants'
14  failure and refusal to provide disabled accessible facilities. Plaintiff also seeks
15  recovery of reasonable statutory attorney fees, litigation expenses and costs, under
16  federal and state law.

17      2.      **JURISDICTION:** This Court has jurisdiction of this action
18  pursuant to 28 USC § 1331 for violations of the Americans with Disabilities Act
19  of 1990, 42 USC §§ 12101 *et seq.* Pursuant to pendant jurisdiction, attendant and
20  related causes of action arising from the same facts are also brought under
21  California law, including but not limited to violations of Health & Safety Code
22  §§ 19953-19959; California Civil Code §§ 51, 52, 54, 54.1, 54.3 and 55; and Title
23  24 California Code of Regulations.

24      3.      **VENUE:** Venue is proper in this court pursuant to 28 USC
25  § 1391(b) and is founded on the fact that the real property which is the subject of
26  this action is located in this district and that plaintiff's causes of action arose in
27  this district.

28      4.      **INTRADISTRICT:** This case should be assigned to the San

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES     -2-     S:\CASES\C\CAFE GRATITUDE\CAFE GRATITUDE.CMP.wpd

1  Francisco/Oakland intradistrict as the real property which is the subject of this
2  action is located in this intradistrict and plaintiff's causes of action arose in this
3  intradistrict.

4    5.    **PARTIES:** Plaintiff Walter Delson is a qualified physically disabled
5  person who is mobility impaired and requires use of a wheelchair for locomotion.
6  Defendants WARSZAWA BUILDING PARTNERSHIP; CAFÉ GRATITUDE,
7  LLC; and DOES 1-10, Inclusive, are the owners, operators, lessors, and lessees of
8  the business, property, buildings, and/or portions thereof located at 1730 Shattuck
9  Ave., Berkeley, California.  This Restaurant, its restrooms, paths of travel, bar
10  area and dining areas, are each a "public accommodation" and part of a "business
11  establishment," subject to the requirements of multiple categories of § 301(7) of
12  the Americans with Disabilities Act of 1990, of California Health & Safety Code
13  §§ 19953 *et seq.*, of California Civil Code §§ 51 *et seq.*, and of California Civil
14  Code §§ 54 *et seq.*  On information and belief, this Restaurant and its facilities
15  have, since July 1, 1970, undergone construction and/or "alterations, structural
16  repairs, or additions," subjecting each such facility to disabled access
17  requirements per Health & Safety Code §§ 19955-19959 *et seq.*, and, as to
18  alterations since January 26, 1993, to the disabled access requirements of § 303 of
19  the Americans with Disabilities Act of 1990.  Such facilities constructed or
20  altered since 1982 are also subject to "Title 24," the California State Architect's
21  Regulations.  Further, irrespective of the alteration history, such premises are
22  subject to the "readily achievable" barrier removal requirements of Title III of the
23  Americans With Disabilities Act of 1990, as defined by ADA § 301(9).

24    6.    The true names and capacities of Defendants Does 1 through 10,
25  Inclusive, are unknown to plaintiff who therefore sues said defendants by such
26  fictitious names.  Plaintiff is informed and believes that each of the defendants
27  herein designated as a Doe is legally responsible in some manner for the events
28  and happenings herein referred to and caused injury and damages proximately

1  thereby to plaintiff; plaintiff prays leave of Court to amend this Complaint to
2  show such true names and capacities when the same have been ascertained.

3      7.    Defendants WARSZAWA BUILDING PARTNERSHIP; CAFÉ
4  GRATITUDE, LLC; and DOES 1-10, Inclusive, are and were the owners,
5  operators, lessors and lessees of the subject business, property and/or building at
6  all times relevant to this Complaint. Plaintiff is informed and believes that each
7  of the defendants herein is the agent, employee or representative of each of the
8  other defendants, and performed all acts and omissions stated herein within the
9  scope of such agency or employment or representative capacity, and is
10  responsible in some manner for the acts and omissions of the other defendants in
11  proximately causing the damages complained of herein.

12

13  **FIRST CAUSE OF ACTION: DAMAGES AND INJUNCTIVE RELIEF**
    **FOR DENIAL OF FULL AND EQUAL ACCESS TO PUBLIC FACILITIES**
14  **IN A PUBLIC ACCOMMODATION**
    **(California Health & Safety Code §§ 19955 *et seq.*, Civil Code §§ 54 *et seq.*)**
15

16      8.    Plaintiff repleads and incorporates by reference, as if fully set forth
17  again herein, the factual allegations contained in Paragraphs 1 through 7, above,
18  and incorporates them herein by reference as if separately repled hereafter.

19      9.    Plaintiff Walter Delson and other similarly situated physically
20  disabled persons, including those who require the use of a wheelchair, are unable
21  to use public facilities on a "full and equal" basis unless each such facility is in
22  compliance with the provisions of California Health & Safety Code §§ 19955 *et*
23  *seq.* Plaintiff is a member of that portion of the public whose rights are protected
24  by the provisions of Health & Safety Code §§ 19955 *et seq.*

25      10.   Health & Safety Code §§ 19955 and 19955.5 were enacted "[t]o
26  ensure that public accommodations or facilities constructed in this state with
27  private funds adhere to the provisions of Chapter 7 (commencing with Section
28  4450) of Division 5 of Title 1 of the Government Code." On information and

1    belief the provisions of both Health and Safety Code §§ 19955 and 19955.5,
2    apply to the subject Restaurant.  The code relating to such public
3    accommodations also requires that "When sanitary facilities are made available
4    for the public, clients, or employees... they shall be made available for persons
5    with disabilities." Title 24, California Code of Regulations, formerly known as
6    the California Administrative Code, was in effect at the time of each alteration
7    which, on information and belief, occurred at such public facility since January 1,
8    1982, thus requiring access complying with the specifications of Title 24
9    whenever each such "alteration, structural repair or addition" was carried out. On
10    information and belief, defendants and/or their predecessors in interest carried out
11    new construction and/or alterations, structural repairs, and/or additions to such
12    buildings and facilities during the period Title 24 has been in effect.  Further,
13    plaintiff alleges that construction, alterations, structural repairs, and/or additions
14    which triggered access requirements at all relevant portions of the Restaurant,
15    also occurred between July 1, 1970 and December 31, 1981, and required access
16    pursuant to the A.S.A. (American Standards Association) Regulations then in
17    effect, pursuant to the incorporated provisions of California Government Code
18    §§ 4450 *et seq.*

19    11.    **FACTUAL STATEMENT:**    At all times mentioned herein,
20    plaintiff Walter Delson was and is a qualified disabled person due to paraplegia.
21    His disabilities require him to use a wheelchair for mobility. On or about October
22    13, 2010, plaintiff Walter Delson visited the Cafe Gratitude restaurant located at
23    1730 Shattuck Ave., Berkeley, California, to have a meal. After his meal plaintiff
24    required use of the restroom. However, he discovered that, although the
25    Restaurant had two small restrooms, neither was large enough for him to enter in
26    his wheelchair and close the door behind him. The restrooms also failed to have
27    proper toilet or sink facilities that could be used by any patron who requires use
28    of a wheelchair. Plaintiff complained to the Restaurant's employees about the

1   lack of restroom access, and asked to talk to the manager.  However, plaintiff was

2   told that there was no manager on the premises, but he was given an email

3   address.  In some physical discomfort and emotionally upset, plaintiff left the

4   Restaurant to try to find an accessible restroom elsewhere that he could use.  The

5   architectural barriers encountered by plaintiff denied him accessible facilities, and

6   caused him difficulty, discomfort and embarrassment.  Plaintiff suffered physical,

7   mental and emotional damages, all to his general, statutory and treble damages,

8   according to proof.

9        12.    On information and belief, at the time of the above-described

10   incidents, and continuing to the present, the access barriers at the Café Gratitude

11   also included but were not limited to the lack of proper accessible seating and

12   interior paths of travel, improperly high counters, and inaccessible patio and bar

13   seating.

14        13.    Further, on information and belief, and based on preliminary

15   investigation by plaintiff's representatives, the premises were also illegally

16   inaccessible in multiple other respects.  These barriers to access are listed without

17   prejudice to plaintiff citing additional barriers to access after inspection by

18   plaintiff's access consultant, per the 9th Circuit's standing standards under Doran

19   v. 7-Eleven, Inc. 524 F.3d 1034 (9th Cir. 2008).  All of these barriers to access

20   render the premises inaccessible to and unuseable by physically disabled persons.

21   All facilities must be brought into compliance with all applicable federal and state

22   code requirements, according to proof.

23        14.    Further, each and every violation of the Americans With Disabilities

24   Act of 1990 (as pled in the Third Cause of Action, *infra*, the contents of which are

25   repled and incorporated herein, word for word, as if separately repled), also

26   constitutes a separate and distinct violation of  California Civil Code § 54(c), thus

27   independently justifying an award of damages and injunctive relief pursuant to

28   California law, including but not limited to Civil Code §§ 54.3 and 55.

1   15.  Further, each and every violation of the Americans With Disabilities

2   Act of 1990 (as pled in the Third Cause of Action, *infra*, the contents of which are

3   repled and incorporated herein, word for word, as if separately repled), also

4   constitutes a separate and distinct violation of California Civil Code § 54.1(d),

5   thus independently justifying an award of damages and injunctive relief pursuant

6   to California law, including but not limited to Civil Code §§ 54.3 and 55.

7   16.  **INJUNCTIVE RELIEF:**  Plaintiff seeks injunctive relief to prohibit

8   the acts and omissions of defendants as complained of herein which are

9   continuing on a day-to-day basis and which have the effect of wrongfully

10  excluding plaintiff and other members of the public who are physically disabled,

11  including but not limited to wheelchair users, from full and equal access to these

12  public facilities.  Such acts and omissions are the cause of humiliation and mental

13  and emotional suffering of plaintiff in that these actions have already caused

14  plaintiff difficulty, discomfort and embarrassment, and presently continue to treat

15  plaintiff as an inferior and second class citizen and serve to discriminate against

16  him on the sole basis that he is a person with disabilities who requires the use of a

17  wheelchair for movement in public places.  Plaintiff is unable, so long as such

18  acts and omissions of defendants continue, to achieve equal access to and use of

19  these public facilities, and cannot return to use this Restaurant and its facilities

20  until they are made properly accessible to disabled persons.  Plaintiff alleges that

21  he intends to do so, once legally required access has been provided.  The acts of

22  defendants have proximately caused and will continue to cause irreparable injury

23  to plaintiff if not enjoined by this Court.  Plaintiff seeks injunctive relief as to all

24  areas of the premises that he personally encountered.  Further, as to all areas

25  identified before or during this litigation by plaintiff's access consultant, that

26  plaintiff or other physically disabled persons may encounter in the future (under

27  the 9th Circuit's holding in Doran v. 7-Eleven, Inc. 524 F.3d 1034 (9th Cir. 2008)),

28  plaintiff prays leave to amend this complaint to obtain full injunctive relief.  As to

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES     -7-     S:\CASES\C\CAFE GRATITUDE\CAFE GRATITUDE.CMP.wpd

1   those of the defendants that currently own, operate, and/or lease (from or to) the

2   subject Restaurant, plaintiff seeks preliminary and permanent injunctive relief to

3   enjoin and eliminate the discriminatory practices and barriers that deny equal

4   access for disabled persons, and for reasonable statutory attorney fees, litigation

5   expenses and costs.

6          17.    Wherefore plaintiff asks this Court to preliminarily and permanently

7   enjoin any continuing refusal by defendants to grant full and equal access to

8   plaintiff in the respects complained of and to require defendants to comply

9   forthwith with the applicable statutory requirements relating to access for disabled

10  persons.  Such injunctive relief is provided by California Health & Safety Code

11  § 19953 and California Civil Code § 55, and other law.  Plaintiff further requests

12  that the Court award damages pursuant to Civil Code § 54.3 and other law and

13  attorney fees, litigation expenses, and costs  pursuant to Health & Safety Code

14  § 19953, Civil Code §§ 54.3 and 55, Code of Civil Procedure § 1021.5 and other

15  law, all as hereinafter prayed for.

16         18.    **DAMAGES:**  As a result of the denial of equal access to the facility

17  and due to the acts and omissions of defendants and each of them in owning,

18  operating, leasing, constructing, altering, and maintaining the subject facility,

19  plaintiff suffered a violation of his civil rights, including but not limited to rights

20  under Civil Code §§ 54 and 54.1, and suffered difficulty, discomfort and

21  embarrassment, physical, mental and emotional personal injuries, all to his

22  damages per Civil Code § 54.3, including general and statutory damages, and

23  treble damages, as hereinafter stated.  Defendants' actions and omissions to act

24  constitute discrimination against plaintiff on the sole basis that he was and is

25  physically disabled and unable, because of the architectural and other barriers

26  created and/or maintained by the defendants in violation of the subject laws, to

27  use the public facilities on a full and equal basis as other persons.

28         19.    **TREBLE DAMAGES -** Plaintiff has been damaged by defendants'

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -8-          S:\CASES\C\CAFE GRATITUDE\CAFE GRATITUDE.CMP.wpd

1   wrongful conduct and seeks the relief that is afforded by Civil Code §§ 54, 54.1,

2   and 54.3. At all times herein mentioned, defendants were fully aware that

3   significant numbers of potential users of their public facilities are and will be

4   physically disabled persons. Further defendants knew and know that these

5   physically disabled Restaurant patrons, including wheelchair users and other

6   mobility-impaired persons, would have need of facilities that complied with

7   California Title 24 and ADAAG standards for accessible facilities. On

8   information and belief, prior to plaintiff's experiences other disabled persons had

9   complained to each defendant about the lack of wheelchair access to the

10  Restaurant, particularly about the inaccessible restrooms.

11      20.     Defendant Café Gratitude, LLC had also been put on notice when it

12  was served in a different lawsuit under the ADA and California law for the lack of

13  disabled access, including inaccessible restrooms, at another restaurant owned

14  and operated by Café Gratitude, LLC. That lawsuit, filed in the Northern District

15  of California federal court on May 10, 2010, *Yates v. Café Gratitude, LLC*,

16  3:10-cv-02015-MEJ, further put defendant on notice that some or all of its

17  restaurants did not comply with state and/or federal access law and were

18  continuing to deny access to disabled persons on a day-to-day basis.

19      21.     Despite this knowledge, defendants continued to maintain the

20  physical barriers complained of by plaintiff Walter Delson at the subject Café

21  Gratitude at 1730 Shattuck Ave., Berkeley, California, failed and refused to

22  remove these barriers to access despite the barrier removal requirements of the

23  ADA and California law, and have failed to provide properly accessible facilities,

24  including accessible restrooms, according to proof. Defendants have continued

25  their illegal and discriminatory policies and practices despite actual knowledge

26  that people with physical mobility disabilities, including plaintiff, attempt to

27  patronize the subject Restaurant and encounter illegal barriers when they do so.

28  Although five months have elapsed since plaintiff personally complained to

1    defendants, on information and belief no access improvements have been made.

2        22.    At all times herein mentioned, defendants knew, or in the exercise of

3    reasonable diligence should have known, that their barriers and practices at their

4    subject facilities violated disabled access requirements and standards, and had a

5    discriminatory affect upon plaintiff and upon other physically disabled persons,

6    but defendants have refused to rectify the violations, and presently continue a

7    course of conduct in maintaining architectural barriers that discriminate against

8    plaintiff and similarly situated disabled persons. An award of treble damages per

9    California Civil Code § 54.3 against all defendants would be appropriate.

10       23.    **FEES AND COSTS:** As a result of defendants' acts, omissions, and

11   conduct, plaintiff has been required to incur attorney fees, litigation expenses, and

12   costs as provided by statute, in order to enforce plaintiff's rights and to enforce

13   provisions of the law protecting access for disabled persons and prohibiting

14   discrimination against disabled persons. Plaintiff therefore seeks recovery of all

15   reasonable attorney fees, litigation expenses, and costs, pursuant to the provisions

16   of Civil Code §§ 54.3 and 55, and California Health & Safety Code § 19953.

17   Additionally, plaintiff's lawsuit is intended to require that defendants make their

18   facilities accessible to all disabled members of the public, justifying "public

19   interest" attorney fees, litigation expenses and costs pursuant to the provisions of

20   California Code of Civil Procedure § 1021.5 and other applicable law.

21       WHEREFORE, plaintiff prays for damages and injunctive relief as

22   hereinafter stated.

23

24                      **SECOND CAUSE OF ACTION:**
     **VIOLATION OF CALIFORNIA LAW INCLUDING: THE UNRUH ACT,**

25   **CIVIL CODE SECTIONS 51 AND 52, AND THE AMERICANS WITH**
     **DISABILITIES ACT AS INCORPORATED**

26   **BY CIVIL CODE SECTION 51(f)**

27       24.    Plaintiff repleads and incorporates by reference, as if fully set forth

28   hereafter, the factual allegations contained in Paragraphs 1 through 23 of this

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -10-    S:\CASES\C\CAFE GRATITUDE\CAFE GRATITUDE.CMP.wpd

1 | Complaint and incorporates them herein.

2 | 25. At all times relevant to this complaint, California Civil Code § 51

3 | has provided that physically disabled persons are free and equal citizens of the

4 | state, regardless of medical condition or disability:

5 | All persons within the jurisdiction of this state are free and equal,
and no matter what their sex, race, color, religion, ancestry, national
6 | origin, disability, or medical condition are entitled to the full and
equal accommodations, advantages, facilities, privileges, or services
7 | in all business establishments of every kind whatsoever.
Cal. Civ. C. § 51(b).

8 |

9 | 26. California Civil Code § 52 provides that the discrimination by

10 | defendants against plaintiff on the basis of his disability constitutes a violation of

11 | the general anti-discrimination provision of §§ 51 and 52.

12 | 27. Defendants' discrimination constitutes a separate and distinct

13 | violation of California Civil Code § 52, which provides that:

14 | Whoever denies, aids or incites a denial, or makes any discrimination
or distinction contrary to section 51, 51.5, or 51.6 is liable for each
15 | and every offense for the actual damages, and any amount that may
be determined by a jury, or a court sitting without a jury, up to a
16 | maximum of three times the amount of actual damage but in no case
less than four thousand dollars ($4,000), and any attorney's fees that
17 | may be determined by the court in addition thereto, suffered by any
person denied the rights provided in Section 51, 51.5, or 51.6.

18 |

19 | 28. Any violation of the Americans With Disabilities Act of 1990 (as

20 | pled in the Third Cause of Action) constitutes a violation of California Civil Code

21 | § 51(f) thus independently justifying an award of damages and injunctive relief

22 | pursuant to California law. Per § 51(f), "A violation of the right of any individual

23 | under the Americans With Disabilities Act of 1990 (Public Law 101-336) shall

24 | also constitute a violation of this section."

25 | 29. The actions and omissions of defendants as herein alleged constitute

26 | a denial of access to and use of the described public facilities by physically

27 | disabled persons within the meaning of California Civil Code §§ 51 and 52. As a

28 | proximate result of defendants' action and omissions, defendants have

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001
COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES -11- S:\CASES\C\CAFE GRATITUDE\CAFE GRATITUDE.CMP.wpd

1  discriminated against plaintiff in violation of Civil Code §§ 51 and 52, and are

2  responsible for statutory, compensatory and treble damages to plaintiff, according

3  to proof.

4       30.   **FEES AND COSTS:** As a result of defendants' acts, omissions and

5  conduct, plaintiff has been required to incur attorney fees, litigation expenses and

6  costs as provided by statute in order to enforce plaintiff's rights and to enforce

7  provisions of the law protecting access for disabled persons and prohibiting

8  discrimination against disabled persons. Plaintiff therefore seeks recovery of all

9  reasonable attorney fees, litigation expenses and costs pursuant to the provisions

10  of California Civil Code §§ 51 and 52. Additionally, plaintiff's lawsuit is

11  intended to require that defendants make their facilities and policies accessible to

12  all disabled members of the public, justifying "public interest" attorney fees,

13  litigation expenses and costs pursuant to the provisions of California Code of

14  Civil Procedure § 1021.5 and other applicable law.

15       Wherefore, plaintiff prays the Court grant relief as requested hereinbelow.

16

17                      **THIRD CAUSE OF ACTION:**
       **VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990**
18                      **42 USC §§ 12101 *et seq.***

19       31.   Plaintiff repleads and incorporates by reference, as if fully set forth

20  again herein, the allegations contained in  Paragraphs 1 through 30 of this

21  Complaint, and incorporates them herein as if separately repled.

22       32.   In 1990 the United States Congress made findings that laws were

23  needed to more fully protect "some 43,000,000 Americans [with] one or more

24  physical or mental disabilities;" that "historically, society has tended to isolate

25  and segregate individuals with disabilities;" that "such forms of discrimination

26  against individuals with disabilities continue to be a serious and pervasive social

27  problem;" that "the Nation's proper goals regarding individuals with disabilities

28  are to assure equality of opportunity, full participation, independent living, and

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -12-          S:\CASES\C\CAFE GRATITUDE\CAFE GRATITUDE.CMP.wpd

1  economic self-sufficiency for such individuals;" and that "the continuing

2  existence of unfair and unnecessary discrimination and prejudice denies people

3  with disabilities the opportunity to compete on an equal basis and to pursue those

4  opportunities for which our free society is justifiably famous..." [42 USC §12101]

5      33.    In passing the Americans with Disabilities Act of 1990 (hereinafter

6  "ADA"), Congress stated as its purpose:

7      It is the purpose of this Act

8      (1) to provide a clear and comprehensive national mandate for the
       elimination of discrimination against individuals with disabilities;
9
       (2) to provide clear, strong, consistent, enforceable standards addressing
10     discrimination against individuals with disabilities;

11     (3) to ensure that the Federal Government plays a central role in enforcing
       the standards established in this Act on behalf of individuals with
12     disabilities; and

13     (4) to invoke the sweep of congressional authority, including the power to
       enforce the fourteenth amendment and to regulate commerce, in order to
14     address the major areas of discrimination faced day-to-day by people with
       disabilities.
15
   42 USC § 12101(b).
16

17     34.    As part of the ADA, Congress passed "Title III - Public

18  Accommodations and Services Operated by Private Entities" (42 USC § 12181 *et*

19  *seq.*). The subject property and facility is one of the "private entities" which are

20  considered "public accommodations" for purposes of this title, which includes

21  any "restaurant, bar, or other sales or rental establishment serving food or drink,"

22  § 301(7)(B).

23     35.    The ADA clearly states that "No individual shall be discriminated

24  against on the basis of disability in the full and equal enjoyment of the goods,

25  services, facilities, privileges, advantages, or accommodations of any place of

26  public accommodation by any person who owns, leases, or leases to, or operates a

27  place of public accommodation." 42 USC § 12182.  The specific statutory

28  prohibitions against discrimination included, but were not limited to the

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES      -13-      S:\CASES\C\CAFE GRATITUDE\CAFE GRATITUDE.CMP.wpd

1 | following:

2 | § 302(b)(1)(A)(ii): "Participation in Unequal Benefit. - It shall be discriminatory
3 | to afford an individual or class of individuals, on the basis of a disability or
4 | disabilities of such individual or class, directly, or through contractual, licensing,
5 | or other arrangements, with the opportunity to participate in or benefit from a
6 | good, service, facility, privilege, advantage, or accommodation that is not equal to
7 | that afforded to other individuals."

8 | § 302(b)(2)(A)(ii): "a failure to make reasonable modifications in policies,
9 | practices, or procedures when such modifications are necessary to afford such
10 | goods, services, facilities, privileges, advantages, or accommodations to
11 | individuals with disabilities...;"

12 | § 302(b)(2)(A)(iii): "a failure to take such steps as may be necessary to ensure
13 | that no individual with a disability is excluded, denied service, segregated, or
14 | otherwise treated differently than other individuals because of the absence of
15 | auxiliary aids and services...;"

16 | § 302(b)(2)(A)(iv): "a failure to remove architectural barriers, and communication
17 | barriers that are structural in nature, in existing facilities... where such removal is
18 | readily achievable;"

19 | § 302(b)(2)(A)(v): "where an entity can demonstrate that the removal of a barrier
20 | under clause (iv) is not readily achievable, a failure to make such goods, services,
21 | facilities, privileges, advantages, or accommodations available through alternative
22 | methods if such methods are readily achievable."

23 | The acts and omissions of defendants set forth herein were in
24 | violation of plaintiff's rights under the ADA and the regulations promulgated
25 | thereunder, 28 CFR Part 36 *et seq*.

26 | 36.    The removal of each of the barriers complained of by plaintiff as
27 | hereinabove alleged, were at all times herein mentioned "readily achievable"
28 | under the standards of §§ 301(9) and 302 of the ADA. As noted hereinabove,

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -14-          S:\CASES\C\CAFE GRATITUDE\CAFE GRATITUDE.CMP.wpd

1  removal of each and every one of the architectural barriers complained of herein
2  were also required under California law. Further, on information and belief,
3  construction, alterations, structural repairs or additions since January 26, 1993
4  have also independently triggered requirements for removal of barriers to access
5  for disabled persons per § 303 of the ADA.

6      37.   On information and belief, as of the date of plaintiff's encounter at
7  the premises and as of the filing of this Complaint, the premises have denied and
8  continue to deny full and equal access to plaintiff and to other disabled persons,
9  including wheelchair users, in other respects, which violate plaintiff's rights to
10  full and equal access and which discriminate against plaintiff on the basis of his
11  disability, thus wrongfully denying to plaintiff the full and equal enjoyment of the
12  goods, services, facilities, privileges, advantages and accommodations, in
13  violation of §§ 302 and 303 of the ADA. 42 USC §§ 12182 and 12183.

14      38.   On information and belief, defendants have continued to violate the
15  law and deny the rights of plaintiff and other disabled persons access to this
16  public accommodation since on or before plaintiff's encounters, as previously
17  noted. Pursuant to the ADA, § 308, 42 USC 12188 *et seq.*, plaintiff is entitled to
18  the remedies and procedures set forth in § 204(a) of the Civil Rights Act of 1964,
19  42 USC 2000(a)-3(a), as plaintiff is "a qualified" disabled person who is being
20  subjected to discrimination on the basis of disability in violation of the ADA and
21  has reasonable grounds for believing that he is about to be subjected to
22  discrimination should he return to the subject premises. Pursuant to § 308(a)(2),
23  "In cases of violations of § 302(b)(2)(A)(iv) and § 303(a)... injunctive relief shall
24  include an order to alter facilities to make such facilities readily accessible to and
25  usable by individuals with disabilities to the extent required by this title."

26      WHEREFORE, plaintiff prays for damages and injunctive relief as
27  hereinafter stated.

28  //

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES   -15-   S:\CASES\C\CAFE GRATITUDE\CAFE GRATITUDE.CMP.wpd

1

## **PRAYER**

2      Plaintiff prays that this Court:

3      1.      Issue a preliminary and permanent injunction directing defendants as
4 current owners, operators, lessors, and/or lessees of the subject property and
5 premises to modify the above described property and premises and related
6 facilities to provide full and equal access to all persons, including persons with
7 physical disabilities; and issue a preliminary and permanent injunction pursuant
8 to ADA § 308(a) and state law directing defendants to provide facilities usable by
9 plaintiff and similarly situated persons with disabilities, and which provide full
10 and equal access, as required by law; and to train defendants' employees and
11 agents in how to recognize disabled persons and accommodate their rights and
12 needs.

13      2.      Retain jurisdiction over the defendants until such time as the Court is
14 satisfied that defendants' unlawful policies, practices, acts and omissions, and
15 maintenance of physically inaccessible public facilities as complained of herein
16 no longer occur, and can not recur;

17      3.      Award to plaintiff all appropriate damages, including but not limited
18 to statutory damages, general damages, and treble damages in amounts within the
19 jurisdiction of the Court, all according to proof;

20      4.      Award to plaintiff all reasonable statutory attorney fees, litigation
21 expenses, and costs of this proceeding as provided by law;

22      5.      Award prejudgment interest pursuant to Civil Code § 3291; and

23      6.      Grant such other and further relief as this Court may deem just and
24 proper.

25 //

26 //

27 //

28 //

1  Dated: March 15, 2011                    LAW OFFICES OF PAUL L. REIN

2

3

4                                          By PAUL L. REIN
                                           Attorneys for Plaintiff
5                                          WALTER DELSON

6

7

8                          **DEMAND FOR JURY**

9              Plaintiff hereby demands a jury for all claims for which a jury is

10 permitted.

11

12 Dated: March 15, 2011                    LAW OFFICES OF PAUL L. REIN

13

14

15                                         By PAUL L. REIN
                                           Attorneys for Plaintiff
16                                         WALTER DELSON

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES        -17-        S:\CASES\C\CAFE GRATITUDE\CAFE GRATITUDE.CMP.wpd