PAUL L. REIN, Esq. (SBN 43053)
CELIA MCGUINNESS, Esq. (SBN 159420)
CATHERINE M. CABALO, Esq. (SBN 248198)
LAW OFFICES OF PAUL L. REIN
200 Lakeside Drive, Suite A
Oakland, CA 94612
Telephone: 510/832-5001
Facsimile: 510/832-4787
reinlawoffice@aol.com

Attorneys for Plaintiff
WALTER DELSON

**Defendants and their counsel listed after the caption.*

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER DELSON,<br>Plaintiff,<br>v.<br>WARSZAWA BUILDING PARTNERSHIP; CAFE GRATITUDE, LLC; AND DOES 1-10, INCLUSIVE,<br>Defendants.<br>_______________________/ | Case No. C11-1280 MEJ<br>Civil Rights<br>**CONSENT DECREE AND ~~[PROPOSED]~~ ORDER AS TO INJUNCTIVE RELIEF ONLY** |

JASON GONG, Esq.
LAW OFFICE OF JASON G. GONG
2121 N. California Blvd., Ste. 290
Walnut Creek, CA 94596
Telephone: 925/735-3800
Facsimile: 925/735-3801

Attorneys for Defendants
WARSZAWA BUILDING PARTNERSHIP
And CAFE GRATITUDE, LLC

//

//

CONSENT DECREE & [PROPOSED] ORDER
AS TO INJUNCTIVE RELIEF ONLY
Case No. C11-1280 MEJ
E:\Cafe Gratitude\20120227_Consent_Decree_&_Order_(FINAL).doc

1. Plaintiff WALTER DELSON ("Plaintiff") filed a Complaint in this action on March 16, 2011, to obtain recovery of damages for his discriminatory experiences, denial of access, and denial of his civil rights, and to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, and California civil rights laws against Defendants WARSZAWA BUILDING PARTNERSHIP and CAFÉ GRATITUDE, LLC (together referred to as "Defendants"), relating to the condition of Defendants' public accommodations as of October 13, 2010, and continuing. Plaintiff has alleged that Defendants violated Title III of the ADA and sections 51, 52, 54, 54.1, 54.3 and 55 of the California Civil Code, and sections 19955 *et seq.* of the California Health & Safety Code by failing to provide full and equal access to their facilities at 1730 Shattuck Avenue, Berkeley, California.

2. Plaintiff and Defendants (Plaintiff and Defendants hereinafter the "Parties") hereby enter into this Consent Decree and Order for the purpose of resolving this lawsuit as to Defendants without the need for protracted litigation.

**JURISDICTION:**

3. The Parties to this Consent Decree and Order agree that the Court has jurisdiction of this matter pursuant to 28 U.S.C. section 1331 for alleged violations of the Americans with Disabilities Act of 1990, 42 U.S.C. sections 12101 *et seq.*,

and pursuant to supplemental jurisdiction for alleged violations of California Health & Safety Code sections 19955 *et seq.*; and California Civil Code sections 51, 52, 54, 54.1, 54.3, and 55.

4. In order to avoid the costs, expense, and uncertainty of protracted litigation, the Parties to this Consent Decree and Order agree to entry of this Consent Decree and Order to resolve injunctive relief claims against Defendants raised in the Complaint filed with this Court. Accordingly, the Parties agree to the entry of this Consent Decree and Order without trial or further adjudication of any issues of fact or law concerning Plaintiff's injunctive relief claims against Defendants.

WHEREFORE, the Parties to this Consent Decree and Order hereby agree and stipulate to the Court's entry of this Consent Decree and Order, which provides as follows:

**SETTLEMENT OF INJUNCTIVE RELIEF:**

5. This Consent Decree and Order shall be a full, complete, and final disposition and settlement of Plaintiff's claims against Defendants for injunctive relief that have arisen out of the subject Complaint.

6. The Parties agree and stipulate that the corrective work will be performed in compliance with the standards and specifications for disabled access

- 3 -

CONSENT DECREE & [PROPOSED] ORDER
AS TO INJUNCTIVE RELIEF ONLY
Case No. C11-1280 MEJ
E:\Cafe Gratitude\20120227_Consent_Decree_&_Order_(FINAL).doc

as set forth in the California Code of Regulations, Title 24-2, and Americans with Disabilities Act Accessibility Guidelines, unless other standards are specifically agreed to in this Consent Decree and Order.

a) **Remedial Measures:** Defendants will perform corrective work at 1730 Shattuck Ave., Berkeley, California. The corrective work agreed upon by the Parties is as follows:

i. North Entrance:

1) Lower the menu board to approximately 51" to the bottom and use a larger font size.

2) Replace the door hardware with lever hardware or a conventional door pull handle.

3) Remove the metal door stop at the base of the door on the push side and maintain this space at the base of the door so that it is a "smooth and uninterrupted surface" to a height of 10".

4) Secure the interior walk-off mat to the floor.

5) Provide a tactile exit sign for this exit.

ii. South Entrance

1) Provide a tactile exit sign for this exit.

2) Adjust and maintain door pressure to no more than 5 pounds maximum.

iii. Restrooms

1) At the geometric sign on the door, the triangle does not contrast with the circle as per the CBC requirements (CBC section 1115B.6.3). Provide a compliant sign.

2) The Braille on the sign adjacent to the door does not meet the California requirements for spacing and dot height. Provide a compliant sign.

3) Adjust and maintain door pressure to no more than 5 pounds maximum.

4) Relocate the toilet paper dispenser so that it is no greater than 36" from the rear wall.

iv. Seating

1) One of the interior tables has 36" of clear space behind the clear floor area. Provide the required 48" clear space when seating is located in an alcove.

- 5 -

CONSENT DECREE & [PROPOSED] ORDER
AS TO INJUNCTIVE RELIEF ONLY
Case No. C11-1280 MEJ
E:\Cafe Gratitude\20120227_Consent_Decree_&_Order_(FINAL).doc

2) The knee/toe space at the exterior table is only 14" deep based on the pedestal base design. Provide a minimum depth of 19".

b) **Timing of Injunctive Relief:** Defendants will complete the work described above in Paragraph 6(a) within 30 days of the entry of this Consent Decree by the Court. In the event that unforeseen difficulties prevent Defendants from completing any of the agreed-upon injunctive relief, Defendants or their counsel will notify Plaintiff's counsel in writing within 15 days of discovering the delay. Defendants or their counsel will notify Plaintiff's counsel when the corrective work is completed, and in any case will provide a status report no later than 120 days from the entry of this Consent Decree.

c) If Defendants fail to provide injunctive relief on the agreed-to timetable and/or fail to provide timely written status notification, and Plaintiff files a motion with the Court to obtain compliance with these terms, Plaintiff reserves the right to seek additional attorney fees for all compliance work necessitated by Defendants' failure to keep their agreement.

**DAMAGES, ATTORNEY FEES, LITIGATION EXPENSES AND COSTS:**

7. The Parties have not reached any agreement regarding Plaintiff's claims for damages, attorneys' fees, litigation expenses and costs. These matters

- 6 -

CONSENT DECREE & [PROPOSED] ORDER
AS TO INJUNCTIVE RELIEF ONLY
Case No. C11-1280 MEJ
F:\Cafe Gratitude\20120227_Consent_Decree_&_Order_(FINAL).doc

will be the subject of future negotiation or litigation as necessary. The Parties jointly stipulate and request that the Court not dismiss the case as these significant issues remain unresolved.

**ENTIRE CONSENT ORDER:**

8. This Consent Decree and Order constitute the entire agreement between the signing Parties on the matters of injunctive relief, and no other statement, promise or agreement, either written or oral, made by any of the Parties or agents of any of the Parties that is not contained in this written Consent Decree and Order shall be enforceable regarding the matters of injunctive relief described herein. This Consent Decree and Order applies to Plaintiff's claims for injunctive relief only and does not resolve Plaintiff's claims for damages, attorney fees, litigation expenses and costs, which shall be the subject of further negotiation and/or litigation. The Parties stipulate that all Parties request that the Court not dismiss the case, as issues of statutory damages, attorney fees, litigation expenses, and costs are still before the Court.

**CONSENT DECREE AND ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST:**

9. This Consent Decree and Order shall be binding on Plaintiff and upon Defendants and any successors in interest. Defendants have a duty to so notify all

- 7 -

CONSENT DECREE & [PROPOSED] ORDER
AS TO INJUNCTIVE RELIEF ONLY
Case No. C11-1280 MEJ
E:\Cafe Gratitude\20120227_Consent_Decree_&_Order_(FINAL).doc

such successors in interest of the existence and terms of this Consent Decree and Order during the period of the Court's jurisdiction of this Consent Decree and Order.

**MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542 AS TO INJUNCTIVE RELIEF ONLY:**

10. Each of the Parties to this Consent Decree and Order understands and agrees that there is a risk and possibility that, subsequent to the execution of this Consent Decree and Order, any or all of them will incur, suffer or experience some further loss or damage with respect to the lawsuit which are unknown or unanticipated at the time this Consent Decree and Order is signed. Except for all obligations required in this Consent Decree and Order, the Parties intend that this Consent Decree and Order apply to all such further loss with respect to the lawsuit, except those caused by the Parties subsequent to the execution of this Consent Decree and Order. Therefore, except for all obligations required in this Consent Decree and Order, this Consent Decree and Order shall apply to and cover any and all claims, demands, actions and causes of action by the Parties to this Consent Decree and Order with respect to the lawsuit, whether the same are known, unknown or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived. Section 1542 provides as follows:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.**

This waiver applies to the injunctive relief aspects of this action only and does not include resolution of Plaintiff's claims for damages, attorney fees, litigation expenses and costs.

11. Except for all obligations required in this Consent Decree and Order – and exclusive of the referenced continuing claims for damages, statutory attorney fees, litigation expenses and costs – each of the Parties to this Consent Decree and Order, on behalf of themselves, their respective agents, representatives, predecessors, successors, heirs, partners and assigns, releases and forever discharges each other Party and all officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other Party, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the lawsuit.

//

//

//

- 9 -

CONSENT DECREE & [PROPOSED] ORDER
AS TO INJUNCTIVE RELIEF ONLY
Case No. C11-1280 MEJ
E:\Cafe Gratitude\20120227_Consent_Decree_&_Order_(FINAL).doc

**TERM OF THE CONSENT DECREE AND ORDER:**

12. This Consent Decree and Order shall be in full force and effect for a period of eighteen (18) months after the date of entry of this Consent Decree and Order, or until the injunctive relief contemplated by this Consent Decree and Order is completed and payment for damages, attorney fees, and litigation expenses and costs is made in full, whichever occurs later. The Court shall retain jurisdiction of this action to enforce provisions of this Consent Decree and Order for eighteen (18) months after the date of this Consent Decree and Order, or until the injunctive relief contemplated by this Consent Decree and Order is completed and payment for damages, attorney fees, and litigation expenses and costs is made in full, whichever occurs later.

**SEVERABILITY:**

13. If any term of this Consent Decree and Order is determined by any court to be unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

**SIGNATORIES BIND PARTIES:**

14. Signatories on the behalf of the Parties represent that they are authorized to bind the Parties to this Consent Decree and Order. This Consent

Decree and Order may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.

Dated: February 27, 2012

PLAINTIFF WALTER DELSON

Walter Delson

WALTER DELSON

Dated: February 27, 2012

DEFENDANT WARSZAWA BUILDING PARTNERSHIP

By: Andrej Pievachi

Print name: Andrej Pievachi

Title: partner owner

Dated: February 27, 2012

DEFENDANT CAFÉ GRATITUDE, LLC

By: Henri E Norris

Print name: Henri E. Norris

Title: Owner

//

//

//

//

APPROVED AS TO FORM:

Dated: February 27, 2012 LAW OFFICES OF PAUL L. REIN

By: ______________________
Catherine Cabalo, Esq.
Attorneys for Plaintiff
WALTER DELSON

Dated: February 27, 2012 LAW OFFICE OF JASON G. GONG

By: ______________________
Jason Gong, Esq.
Attorneys for Defendants
WARSZAWA BUILDING PARTNERSHIP
and CAFÉ GRATITUDE, LLC

- 12 -

CONSENT DECREE & [PROPOSED] ORDER
AS TO INJUNCTIVE RELIEF ONLY
Case No. C11-1280 MEJ
E:\Cafe Gratitude\20120227_Consent_Decree_&_Order_(FINAL).doc

**ORDER**

Pursuant to stipulation, and for good cause shown, IT IS SO ORDERED.

Dated: March 1, 2012

Honorable MARIA-ELENA JAMES
United States Magistrate Judge

- 13 -

CONSENT DECREE & [PROPOSED] ORDER
AS TO INJUNCTIVE RELIEF ONLY
Case No. C11-1280 MEJ
E:\Cafe Gratitude\20120227_Consent_Decree_&_Order_(FINAL).doc